In the Matter of Frances Burdett
MOSES, Debtor.

Bankruptcy No. 80–00958A.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

March 2, 1981.

D. Dwight Bowen, Atlanta, Ga., for petitioner.

H. Dennis Panter, Dunwoody, Ga., for Liberty Loan Corp.

Harris Bullock, Decatur, Ga., for Household Finance Corp. of Georgia.

## MEMORANDUM IN SUPPORT OF ORDER

A. D. KAHN, Bankruptcy Judge.

The debtor, Frances Burdett Moses, filed a petition pursuant to Chapter 13 of the Bankruptcy Reform Act of 1978 (11 U.S.C. § 101 *et seq.*) (the "Code"). Liberty Loan Corporation ("LLC") filed a proof of claim and the debtor objected on two grounds: (1) the loan violated Georgia law and the debtor was entitled to a penalty; and, (2) the loan violated the Truth in Lending Act (15 U.S.C. § 1601 *et seq.*) ("TIL") and the debtor was entitled to set off the $1,000

penalty prescribed by the Act. Household Finance Corporation of Georgia ("HFC") also filed a proof of claim and the debtor raised objections similar to those raised in response to the claim of LLC.

Each creditor responded to the debtor's objections. LLC generally denied the basis of the debtor's objections. HFC answered and asserted that its claim was based on a judgment and not violative of Georgia law. HFC also raised certain affirmative defenses to the debtor's TIL objections, including the statute of limitations, res judicata, and estoppel.

Debtor Moses then moved for summary judgment in each case, contending that (1) a debtor may raise a TIL claim defensively in a Chapter 13 proceeding to reduce a creditor's proof of claim, and (2) that debtor's TIL claim was not barred even though the statute of limitations had run. The foregoing issues of law are common to the TIL dispute between the debtor and each creditor and will be considered first. Other issues, including those objections based on Georgia law, will be addressed subsequently.

First, it is helpful to examine the nature of the debtor's TIL objection to the proofs of claim.

■ Although debtor Moses did not explicitly state it in the briefs, the TIL objection she asserts is a claim for the penalty to which a borrower in a loan transaction is entitled when a lender fails to comply with the Truth in Lending Act. See 15 U.S.C. § 1640(a). Such noncompliance by a lender does *not* result in the invalidation of the underlying loan. Actual damages might also be available to debtor Moses, but they have not been sought. See 15 U.S.C. § 1640(a).

Importantly, there is no dispute that debtor Moses' TIL claim is now being asserted *after* the running of the applicable statute of limitations, and, under ordinary circumstances, is barred. See 15 U.S.C.

§ 1640(e). In an effort to overcome the bar of the statute, debtor Moses has attempted to classify her objection as a recoupment (a counterclaim which arises from the same transaction as the main claim [1]), and she has asserted that a recoupment is "never barred by the statute of limitations so long as the main action itself is timely," citing *Bull v. U. S.*, 295 U.S. 247, 262, 55 S.Ct. 695, 79 L.Ed. 1421 (1935).

Debtor Moses initially raised the TIL objections in response to the filing of proofs of claim by both HFC and LLC. See 11 U.S.C. § 502. Therefore, this court is called on to interpret Section 502 of the Code and determine the procedural and substantive rights of the parties accorded by that provision of law.

### I.

*Can Debtor Moses Raise a TIL Objection to Reduce a Creditor's Proof of Claim in a Section 502(b) Determination under the Bankruptcy Code?*

■ There is no question that the bankruptcy court has the power to adjudicate TIL claims that arise out of loan transactions which form the underlying basis for proofs of claims filed by creditors in a Chapter 13 proceeding. The Code conferred expansive jurisdiction on the bankruptcy courts over "all civil proceedings arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. § 1471(b). See *Cohen v. Beneficial Finance Co. of Fla., Inc., (In re Claypool)*, 2 C.B.C.2d 64. (M.D.Fla.1980).

The question of the *procedural* route for deciding questions that arise under nonbankruptcy law but are subject to the jurisdiction of the bankruptcy court, such as the instant TIL claims, is not answered specifically by the Code. Under former law the power of the bankruptcy court, which was more restricted in its jurisdiction, was inex-

---

1. For a discussion of the concept of "recoupment" and "set-off", see *Frederick v. United*

*States*, 386 F.2d 481 (1967).

tricably linked to summary proceedings.[2] Since the jurisdiction of the bankruptcy court has expanded under the Code, it is necessary to reexamine the procedures that enable parties to exercise their substantive rights, whether those rights arise under the Code, or other federal, or state law.

The Code specifies the procedures to be followed in allowability determinations. When an objection to a proof of claim is filed, it becomes the duty of the bankruptcy judge to make a determination of the allowability of a claim "after notice and a hearing." 11 U.S.C. § 502(b).

The meaning of the phrase "after notice and a hearing" is fully delineated elsewhere in the Code. Section 102(1) of the Code states:

"after notice and a hearing", or a similar phrase—

(A) *means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances*; but

(B) authorizes an act without an actual hearing if such notice is given properly and if

(i) such a hearing is not requested timely by a party in interest; or

(ii) there is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act; .... (emphasis added)

11 U.S.C. § 102(1).

Although "notice and a hearing" in Section 502(b) might seem to imply that a hearing is required in each instance, Section 102(1) makes it clear that a hearing is not statutorily required, but only that parties are given an *opportunity* for a hearing and may have a hearing if it is so requested. As the legislative history of Section 102(1) states, "If a provision of title II (sic) authorizes an act to be taken 'after notice and a hearing' this means that if appropriate notice is given and no party to whom such notice is sent timely requests a hearing, then the act sought to be taken may be taken without an actual hearing." 95 Cong. Rec. H11090 (Sept. 28, 1978), Bkr-L Ed § 81:3.

The overall importance of the "after notice and a hearing" requirement in the bankruptcy process is highlighted in the House Report:

... The concept is central to the bill and to the separation of the administrative and judicial functions of bankruptcy judges. The phrase means after such notice as is appropriate in the particular circumstances ... and such opportunity for a hearing as is appropriate in the particular circumstances. Thus, a hearing will not be necessary in every instance. If there is no objection to the proposed action, the action may go ahead without court action. This is a significant change from present law, which requires the affirmative approval of the bankruptcy judge for almost every action. The change will permit the bankruptcy judge to stay removed from the administration of the bankruptcy or reorganization case, and to become involved only when there is a dispute about a proposed action, that is, only when there is an objection. The phrase "such opportunity for a hearing as is appropriate in the particular circumstances" is designed to permit the Rules and the courts to expedite or dispense with hearings when speed is essential....

H.R.Rep.No.95–595, 95th Cong., 1st Sess. 315 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6272.

The need for ease in the administration of estates and the desire for judicial economy while assuring just results was effectuated in the statutory procedures governing the allowability of claims. Section 502(a) of the Code promotes the administration of estates by providing that claims are allowed unless an objection is entered. 11 U.S.C. § 502(a). If an objection is entered, the allowability of the claim becomes a question for determination by the bankruptcy judge. The setting for this determination may be as elaborate as the parties

---

2. *See, e. g., Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966).

require, *i. e.*, one or more of the parties may request a hearing. If no hearing is requested the bankruptcy court may proceed to determine the allowability question without the hearing.

Heretofore the considerations in the allowability determination have not been discussed. Section 502(b) describes certain substantive issues that may be raised in an allowability determination. *See* 11 U.S.C. § 502(b)(1)—502(b)(9).

■ The parties, in determining whether to request a hearing, should be mindful of these limitations. Thus, the *substantive* limitations on allowability mesh with the *procedures* defined by the Code, and ideally both function to facilitate the administration of estates.

For example, if a creditor filed a proof of claim with appropriate documentation, and the trustee objected on the basis of Section 502(b)(2) (unmatured interest), the court is mandated to determine the allowability of the claim. The court decides this question after giving notice and an opportunity for a hearing. The creditor may request a hearing if there is a real dispute concerning the inclusion of unmatured interest in the claim, but if there is no such dispute, the creditor may decide to waive the hearing, and permit the court to determine allowability without same.

In the case *sub judice* debtor Moses entered her TIL objections pursuant to Section 502(b)(1) of the Code, which states in part:

> . . . the court, after notice and a hearing, shall determine the amount of such claim . . ., and shall allow such claim in such amount, except to the extent that—
> (1) such claim is unenforceable against the debtor, under any agreement or applicable law . . . .

11 U.S.C. § 502(b)(1).

■ Debtor Moses' TIL claim for penalties is *not* encompassed by § 502(b)(1). The legislative history of Section 502(b)(1)

explains the nature of a claim that is "unenforceable against the debtor." *Id.* Unenforceable claims include those that are usurious, unconscionable, or unenforceable because of a failure of consideration. H.R. Rep.No.95–595, 95th Cong., 1st Sess. 352–354 (1977). Even if a borrower seeks actual damages under TIL in addition to a penalty, such violations do not render the underlying loan transactions *unenforceable* against the debtor. Debtor Moses' reliance on § 502(b)(1) is simply misplaced. Furthermore, the TIL objection cannot properly be founded on the remaining enumerations of Section 502(b). *See* 11 U.S.C. § 502(b)(2)–(b)(9).

The question here presented is the mode of procedure when an "objection" is raised that does not come within the substantive limitations set forth in Section 502(b). Such an objection includes the TIL objection raised by debtor Moses.

■ There are several considerations involved. The right of a creditor to have the allowability of his claim determined in an expeditious manner is a primary concern. Creditors with allowed claims are entitled to payments under a Chapter 13 plan. *See* 11 U.S.C. § 1325. If determinations regarding the allowance of claims are limited in scope to the bases for disallowance that are enumerated in Section 502(b), the allowance of claims would be facilitated.

A more basic consideration is the obvious fact that Congress substantially changed bankruptcy law with the enactment of the Code. The bankruptcy court has tremendously expanded jurisdiction. Additionally, Section 502(b) far more specifically addresses and outlines the considerations in the allowance of claims than did prior law.[3]

■ A TIL claim is a *separate cause of action*, whether the claimant seeks damages or the penalty. Such a claim is an independent cause of action and can be instituted regardless of the status of the underlying loan. The presence of the enumerations in

---

**3.** Section 2(a)(2) of the Bankruptcy Act of 1898, as amended, provided that courts of bankruptcy could "allow claims, disallow claims, reconsider allowed or disallowed claims, and allow or disallow them against bankrupt estates; . . . ."

Section 502(b) of the Code may well indicate that Congress did not intend TIL claims to be adjudicated in an allowability determination made in a notice and hearing context.

Finally, Rule 7001 of the Suggested Interim Bankruptcy Rules states:

A proceeding before a bankruptcy judge for legal, equitable, or declaratory relief which arises under nonbankruptcy law is an *adversary* proceeding governed by Part VII of the Bankruptcy Rules. (emphasis added)

Rule 7001 thus provides the procedure for claims that fall within the jurisdiction of the bankruptcy court but are *not* subject to determination in a hearing on the allowability of claims. Thus, debtors wishing to assert TIL claims must file a complaint in bankruptcy court in order to have their TIL claims heard.

Common factual issues may arise in allowability settings and TIL actions, but this does not lead to the conclusion that the TIL claim should properly be adjudicated in a 502(b) hearing, as substantial rights of the parties are protected by more formal adversary proceedings. However, in some cases the interests of justice may require the consolidation *for trial* of factual issues that are common to allowability determinations and adversary proceedings.

Therefore, this court concludes, based on the foregoing considerations, that a 502(b) hearing is not the proper procedural context for asserting TIL claims that debtor Moses may have in this case, and that if debtor Moses wishes to pursue a TIL remedy, the proper procedure is the filing of a complaint in this or other court of competent jurisdiction.

Accordingly, it is unnecessary for this court to address any other TIL issues.

## II.

*Debtor Moses vs. HFC*

As to HFC, debtor Moses' motion for summary judgment based on Truth in Lending is hereby DENIED. Debtor Moses' objections to the proof of claim filed by HFC, insofar as the objections relate to the Truth in Lending Act, are hereby DISMISSED.

Although debtor Moses initially objected to HFC's proof of claim on the basis of the Georgia Industrial Loan Act, and HFC briefly addressed the Industrial Loan Act in its brief, the Georgia Industrial Loan Act was not enumerated as a basis for summary judgment. Hence, this court cannot address such issues at this time.

## III.

*Debtor Moses vs. LLC*

As to LLC, debtor Moses' motion for summary judgment based on Truth in Lending is hereby DENIED. Debtor Moses' objections to the proof of claim filed by LLC, insofar as the objections relate to the Truth in Lending Act, are hereby DISMISSED.

Debtor Moses moved for summary judgment on the basis of alleged violations of the Georgia Industrial Loan Act. (Ga.Code § 25–301 *et seq.* (1976)). Georgia law governing secondary security deeds (Ga.Code § 57–201 *et seq.* (Supp.1980)) was also addressed by the parties. The record before the court is unclear as to the amount of the loan and its underlying terms. Documents evidencing the transaction which have been tendered by the parties are illegible. Because genuine issues of fact remain, debtor's motion for summary judgment concerning violations of Georgia law is hereby DENIED at this time.