In re Melvin **WERTS**, Debtor.

Melvin **WERTS**, Plaintiff,

v.

**FEDERAL NATIONAL MORTGAGE ASSN.**, Defendant.

Bankruptcy No. 82–00795G.
Adv. No. 82–3264G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Jan. 31, 1984.

Henry J. Sommer, Community Legal Services, Inc., Philadelphia, Pa., for plaintiff/debtor, Melvin Werts.

Stuart Burd, David N. Zeehandelaar, Bolger & Picker, Philadelphia, Pa., for defendant, Federal Nat. Mortgage Assn.

James J. O'Connell, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

In the case at bench the debtor objects to the proof of claim filed by the Federal National Mortgage Association ("FNMA") and requests that the claim be reduced due to FNMA's alleged violations of the Truth in Lending Act ("the Act"), 15 U.S.C. §§ 1601–1667e. For the reasons stated herein, we will deny the objection.

The facts of the case are as follows:[1] FNMA holds a mortgage on the debtor's realty which was granted on November 21, 1969. Following FNMA's receipt of the

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

debtor's monthly payment for March of 1981, the debtor ceased servicing the debt. Through its agent FNMA presented the debtor with a "notice of default" and a "notice of intention to foreclose the mortgage" on July 8, 1981. Upon the debtor's continuing failure to make payments, FNMA commenced a mortgage foreclosure suit in Philadelphia County, Pennsylvania, which was served on December 9, 1981. Judgment was entered in favor of FNMA on January 22, 1982. The scheduled sheriff's sale of the property was stayed due to the debtor's filing of a petition for the adjustment of his debts under chapter 13 of the Bankruptcy Code ("the Code") on February 25, 1982.

■ The Act is a federal statute which regulates the terms and conditions of consumer credit. Its congressionally declared purpose is to assure the informed use of credit through a meaningful disclosure of credit terms so that consumers may more readily compare different financing options and costs. 15 U.S.C. § 1601. For all loans which fall within its purview, the Act requires the creditor to issue to the debtor a disclosure statement summarizing certain information found in the loan documents. The information which must be disclosed is defined in the Act and Regulation Z, 12 C.F.R. § 226.1 *et seq.* Upon a creditor's failure to make the necessary disclosures, the Act provides a debtor with several remedies among which is an award of actual damages, attorneys' fees and an additional award of up to $1,000.00.[2] 15 U.S.C. § 1640(a). In the case at bench the debtor asserts that FNMA failed to comply with the Act by neglecting to provide adequate disclosures at the origination of the loan in 1969 and by erring in deviating from Pennsylvania disclosure requirements in foreclosing on the mortgage. *See,* Pa.Stat.Ann. tit. 41, §§ 401–408. FNMA preliminarily asserts that we need not reach the merits of the action since it is an agency of the United States government and thus is free from liability due to 15 U.S.C. § 1612(b) which states as follows:

(b) No civil or criminal penalty provided under this subchapter[3] for any violation thereof may be imposed upon the United States or any department or agency thereof, or upon any State or political subdivision thereof, or any agency of any State or political subdivision.

Although FNMA correctly contends that it was originally a governmental agency within the Department of Housing and Urban Development, it was transferred to the private sector on September 1, 1968, by Act of Congress. 12 U.S.C. § 1717(a)(1) and (a)(2). On that date the former FNMA was split into the current FNMA and the Government National Mortgage Association ("GNMA") as provided by § 1717 and the following provision:

§ 1716b. Partition of Federal National Mortgage Association into Federal National Mortgage Association and Government National Mortgage Association; assets and liabilities; operations

The purposes of this title include the partition of the Federal National Mortgage Association as heretofore existing into two separate and distinct corporations, each of which shall have continuity and corporate succession as a separated portion of the previously existing corporation. One of such corporations, to be known as Federal National Mortgage Association, will be a Government-sponsored private corporation, will retain the assets and liabilities of the previously existing corporation accounted for under section 1719 of this title, and will continue to operate the secondary market operations authorized by such section 1719. The other, to be known as Government National Mortgage Association, will remain in the Government, will retain the assets and liabilities of the previously existing corporation accounted for under sections 1720 and 1721 of this title, and will continue to operate the special assistance functions and management and liquidat-

---

**2.** Damages in class actions are allowed differently. *See* 15 U.S.C. § 1640(a)(2)(B).

**3.** "[T]his subchapter" includes 15 U.S.C. §§ 1601 through 1667e.

ing functions authorized by such sections 1720 and 1721.

12 U.S.C. § 1716b. Since the statute provides that FNMA will become a "Government-sponsored private corporation" while GNMA "will remain in the government," FNMA is no longer a governmental agency but is a private one and thus is not immune from liability under 15 U.S.C. § 1612(b).

▮ FNMA also asserts that the limitation of actions provided in 15 U.S.C. § 1640(e) bars the debtor's claim. This section states as follows:

> (e) Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. This subsection does not bar a person from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

As stated above, the debtor asserts that FNMA failed to make adequate disclosures in the original loan documents and in the notice to foreclose, both of which constitute ostensible causes of action arising more than one year prior to the filing of the action at bench. Nonetheless, we recently held that the filing of a proof of claim is an action to collect a debt under § 1640(e) which allows a debtor to file timely objection to that claim asserting a violation of the Act.[4] *Hanna v. Lomas and Nettleton Co.* (In Re Hanna), 31 B.R. 424 (Bkrtcy.E.D. Pa.1983). Since the filing of the objection to the proof of claim was timely filed, we must proceed to address the merits of the action.

▮ The debtor asserts that the original loan documents are defective in failing to express the annual percentage rate of the loan and the amount financed. Our review of the pertinent documents indicates that FNMA did make these necessary disclosures although the terms were not specifically denominated as such. Thus, this basis for the debtor's objection to the proof of claim is without merit.

▮ To strengthen the disclosure requirements of the Act for residential mortgages and foreclosures thereon the Pennsylvania legislature passed Pa.Stat.Ann. tit. 41, § 401 to 408 (Purdon). This statute requires a residential mortgage lender to provide the debtor with a notice of intention to foreclose the mortgage at least thirty days prior to the commencement of such foreclosure proceedings. As stated above the debtor contends that FNMA violated this statute in several ways. First, the debtor alleges that FNMA failed to comply with Pa.Stat.Ann. tit. 41, § 403(c)(3), which provides that the notice must "clearly and conspicuously state . . . [t]he right of the debtor to cure the default . . . and exactly what performance, including what sum of money, if any, must be tendered to cure the default." The third section of the notice states that the debtor may cure the default by paying $619.66 within thirty-five days of said notice while section five of the notice provides that the default may be cured by paying a lesser sum if such sum is received within a shorter period of time. The reason for the discrepancy is the amount of an additional monthly mortgage payment which comes due within the thirty-five day period. Viewing the notice in its entirety, we find that this aspect of it complies with § 403(c)(3).

The debtor next contends that the notice is deficient since it states that if the default is not cured within the thirty-five day period, FNMA could then take possession of the subject premises, while in fact possession could not be taken until after the close of foreclosure proceedings. The debtor's counsel has mischaracterized this provision of the notice which actually states that "[i]f [FNMA] do[es] not receive the required payments . . . within thirty-five days . . .

---

4. *Contra, In Re Moses,* 9 B.R. 370 (Bkrtcy.N.D. Ga.1981); *Cf. General Motors Acceptance Corp. v. Audino* (In Re Audino), 10 B.R. 135 (Bkrtcy.D.R.I.1981). (Truth-in-lending violation could not be heard when raised by debtor in response to creditor's reclamation action).

[FNMA] may take possession of all or any part of your property *as and when permitted by law.*" (Emphasis added). The notice correctly states the law and this basis for relief is without merit.

The debtor also asserts that the notice is defective since it erroneously provides that, unless the default is cured within the thirty-five day period, certain actions might be taken without further notice to the debtor, although numerous notices are required by the state procedural rules governing foreclosure. Once again the text of the notice fails to support the debtor's contention. The notice states that if the default is not cured in the thirty-five day period, "[FNMA] may, without any further notice to you, do any of the following: A. [FNMA] may accelerate the maturity date of the mortgage ... B. [FNMA] may begin legal proceedings ...; C. [FNMA] may take possession of all or any part of your property as and when permitted by law." Provisions "A" and "B" may be undertaken without notice to the debtor and any objectionable language in "C" is nullified by the wording of that clause, which restricts the scope of actions which might be taken without notice to those authorized by law. We hold that this ground for relief is likewise without merit.

The debtor also asserts that the notice is deficient in that it "implies" that foreclosure might be stopped only if the debtor cured the deficiency within the thirty-five day period when, in fact, Pennsylvania law provides that foreclosure proceedings can be terminated by tendering the requisite sum at least one hour prior to the commencement of bidding at a sheriff's sale. Pa.Stat.Ann. tit. 41, § 404(a) (Purdon). We find no such implication in the notice.

 Lastly, the debtor contends[5] that "the notice leaves the debtor guessing, ominously stating only that all of [FNMA's alternative courses of conduct] 'may' be taken." We do not find that the Act requires the creditor to elect which option he will pursue when he provides the debtor with requisite Statutory notice and we therefore find this basis for relief without merit.

Accordingly, we will enter an order denying all of the requested relief and the objection to FNMA's proof of claim will be overruled.

5. In support of this contention, as well as several others addressed above, the debtor has cited decisions from the common pleas courts of various Pennsylvania counties. We have considered these cases and find them unpersuasive in light of the language of the Act. We will follow our interpretation of the statute since the United States Supreme Court has stated that decisions, such as these cited by the debtor, which are without statewide precedent, are only entitled to "some weight" but are "not controlling" on the federal courts. *King v. Order of United Sommercial Travelers of America,* 333 U.S. 153, 160–161, 68 S.Ct. 488, 492–493, 92 L.Ed. 608 (1948) (construing *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) and the Rules of Decision Act currently found at 28 U.S.C. § 1652).