In re Joseph R. DiCIANNO, Debtor.

Bankruptcy No. 85–00270G.

United States Bankruptcy Court,
E.D. Pennsylvania.

March 14, 1986.

811

Bruce Fox, Community Legal Services, Inc., Philadelphia, Pa., for debtor/objector, Joseph R. DiCianno.

Leslie J. Carson, Jr., Philadelphia, Pa., for Jersey Mortgage Company.

James J. O'Connell, Philadelphia, Pa., standing chapter 13 trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

In the case before us we are confronted with an issue of first impression in this district and we have found no other reported case on the subject in the country.

The matter for inquiry is the meaning of the 1982 amendments to 15 U.S.C. § 1640(e) (1982) of the Truth in Lending

Act ("the TILA") and whether those changes bar a debtor in bankruptcy from asserting a recoupment claim against a creditor who files a proof of claim which is evidence of a loan originated more than one year prior to the filing of the bankruptcy petition. We conclude that, with the 1982 amendments, Congress intended to allow recoupment against a loan that was originated more than one year previously, unless state decisional law or statutory law provides for a contrary result.

The facts of this dispute are as follows:[1] In 1983 the debtor borrowed a sum certain from the Jersey Mortgage Company ("Jersey") to finance the purchase of a home. In exchange for the loan the debtor granted Jersey a mortgage on the property and, of course, the parties exchanged various documents. In the loan disclosure statement, Jersey stated that the payments on the loan totaled $72,699.60 while the amount financed was stated as $26,115.00 although the finance charge was expressed as $535.00 on the 20 year loan which had an interest rate of 12½%. The debtor filed a petition for the repayment of his debts under chapter 13 of the Bankruptcy Code ("the Code") in 1985.

Jersey filed a proof of claim in the amount of $5,057.56, to which the debtor duly objected, asserting violations of the TILA that would allow the debtor to recoup $1,000.00 of the claimed amount, plus attorneys' fees. Both parties moved for summary judgment.

The TILA is a federal statute which regulates the terms and conditions of consumer credit. Its congressionally declared purpose is to assure the informed use of credit through a meaningful disclosure of credit terms so that consumers may more readily compare different financing options and costs. 15 U.S.C. § 1601. For all loans which fall within its purview, the TILA requires the creditor to issue to the debtor a disclosure statement summarizing certain information found in the loan documents.

The information which must be disclosed is defined in the TILA and Regulation Z, 12 C.F.R. § 226.1 et seq. Upon a creditor's failure to make the necessary disclosures, the TILA provides a debtor with several remedies among which is an award of actual damages, attorneys' fees and an additional award of up to $1,000.00.[2] 15 U.S.C. § 1640(a).

For loans governed by the TILA, a creditor must disclose the total finance charge borrowed by the debtor. 15 U.S.C. § 1638(a)(3). The finance charge is defined as follows: ·

§ 226.4 Finance charge.

(a) Definition. The finance charge is the cost of consumer credit as a dollar amount. It includes any charge payable directly or indirectly by the consumer and imposed directly or indirectly by the creditor as an incident to or a condition of the extension of credit. It does not include any charge of a type payable in a comparable cash transaction.

(b) Example of finance charge. The finance charge includes the following types of charges, except for charges specifically excluded by paragraphs (c) through (e) of this section:

(1) Interest, time price differential, and any amount payable under an add-on or discount system of additional charges.

12 C.F.R. § 226.4(a) (in part). The finance charge clearly must include interest on the loan.

As applied to the case before us, the finance charge was listed as only $535.00 although the principal loan was stated as $26,115.00 while total payments were expressed as $72,699.60. For a 20 year loan with an interest rate of 12½%, the amount financed obviously does not reflect the interest on the loan as required by 15 U.S.C. § 1638(a)(3). Hence, the debtor has estab-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

2. Damages in class actions are allowed differently. See 15 U.S.C. § 1640(a)(2)(B).

lished a prima facie right to relief under the TILA.[3]

Jersey's sole basis for defending the action, is that the statute of limitations has run. This assertion requires us to review amendments to the statute that were passed in 1980 but became effective as to loans originated after October 1, 1982. As stated above, the loan at issue arose in 1983.

 As to the loan issued prior to October 1, 1982, the TILA provided in pertinent part:

> (e) Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation.
>
> * * * * * *
>
> (h) A person may not take any action to offset any amount for which a creditor is potentially liable to such person under subsection (a)(2) of this section against any amount owing to such creditor by such person, unless the amount of the creditor's liability to such person has been determined by judgment of a court of competent jurisdiction in an action to which such person was a party.

15 U.S.C. § 1640(e) and (h) (1976). Under this preamendment language we held that the one year bar to the institution of suit did not prohibit a debtor from objecting to a proof of claim filed by a lender who allegedly violated the TILA although the bankruptcy and the proof of claim were filed more than one year after the alleged violation. *Hanna v. Lomas and Nettleton* (In Re Hanna), 31 B.R. 424 (Bankr.E.D.Pa. 1983); *Werts v. Federal National Mortgage Assoc.*, 48 B.R. 980 (E.D.Pa.1985). Our decision was based on the conclusion that the debtor's cause of action was in the nature of an offset or recoupment. The

changes effective to loans generated after October 1, 1982, are as follows:

> (e) Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. *This subsection does not bar a person from asserting a violation of this title in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.*
>
> * * * * * *
>
> (h) A person may not take any action to offset any amount for which a creditor or assignee is potentially liable to such person under subsection (a)(2) against any amount owed by such person, unless the amount of the creditor's or assignee's liability under this title has been determined by judgment of a court of competent jurisdiction in an action of which such person was a party. This subsection does not bar a consumer then in default on the obligation from asserting a violation of this title as an original action, or as a defense or counterclaim to an action to collect amounts owed by the consumer brought by a person liable under this title.

15 U.S.C. § 1640(e) and (h) (emphasis added). Jersey contends that the highlighted language incorporates applicable state law on the question of whether recoupment or set-off is allowable more than one year after the alleged violation and it posits that under Pennsylvania law, recoupment is not allowable beyond the one year bar date provided in the TILA. We agree with Jersey that the amendment to § 1640(e) incor-

---

**3.** The debtor has advanced other bases on which liability may be predicated, but we need not address them since the debtor cannot receive multiple awards simply because several provisions of the statute were violated. 15 U.S.C. § 1640(d).

porates state law on the question of whether recoupment may be asserted defensively even after the passage of the bar date for commencing affirmative, rather than defensive, suits. Nonetheless, Pennsylvania state law allows a debtor to bring an action for recoupment on a TILA claim after the running of the statute of limitations for instituting an affirmative action. *Household Consumer Discount Co. v. Vespaziani*, 490 Pa. 209, 415 A.2d 689 (1980) (the Pennsylvania Supreme Court held that federal law authorized such an action); *Stulz v. Boswell*, 307 Pa.Super. 515, 453 A.2d 1006 (1982) (as a general rule of Pennsylvania civil practice, recoupment is allowable although the statute of limitations has run on the affirmative prosecution of a claim). Consequently, the changes wrought in § 1640(e), effective in 1982, are no bar in Pennsylvania to a debtor's right to recoupment. We will accordingly grant the debtor summary judgment on this aspect of the case, and reduce Jersey's claim against him by $1,000.00.

■ The debtor has also sought attorneys' fees under § 1640(a)(3) for successful prosecution of the action. He asserts that attorneys' fees are properly payable to him presently, and are not subject to set-off against his debt to Jersey. We agree, since under the TILA, Congress envisioned that the debtor would be paid the fees in hand to disburse to counsel. A contrary conclusion would not aid debtors in attracting competent counsel to represent them.

We will accordingly enter an order granting the debtor's motion for summary judgment in the amount of $1,000.00 on its objection to Jersey's proof of claim, and we will necessarily deny Jersey's motion for summary judgment. This will, of course, reduce Jersey's claim against the debtor from $5,057.56 to $4,057.56. We will also set a hearing to determine the amount of the attorneys' fees to be awarded.

ORDERED that the debtor is awarded attorneys' fees in an amount to be determined at a hearing held before the court at 10:00 A.M. on March 31, 1986.