In re Anna I. SCHULTZ, Debtor.

Anna I. SCHULTZ, Plaintiff,

v.

CENTRAL MORTGAGE CO., Defendant.

Bankruptcy No. 85–01928G.
Adv. No. 85–0870G.

United States Bankruptcy Court, E.D. Pennsylvania.

March 27, 1986.

Henry J. Sommer, Community Legal Services, Inc., Philadelphia, Pa., for debtor/plaintiff, Anna L. Schultz.

Ronald H. Isenberg, Cozen, Begier & O'Connor, Philadelphia, Pa., for defendant, Cent. Mortg. Co.

James J. O'Connell, Philadelphia, Pa., Trustee.

---

**OPINION**

EMIL F. GOLDHABER, Chief Judge:

The multiplicity of issues brought forth by a debtor's objection to a creditor's proof of claim centers around the debtor's contention that the claim should be reduced because the creditor (1) violated the Federal Truth-In-Lending Act, ("the TILA"), 15 U.S.C. 1601 (1976) et seq., (2) expended costs and attorney's fees in an improperly brought foreclosure proceeding and (3) exacted attorneys' fees in excess of the amount allowed in the mortgage agreement. For the reasons stated below, we find that the state foreclosure proceeding was properly brought, attorney's fees were limited to the amount specified in the mortgage agreement but the claim will be reduced due to a violation of the TILA.

The facts of this case are as follows:[1] In 1980 the debtor borrowed funds from the Central Mortgage Company ("Central") to finance the purchase of a home, in exchange for which the debtor granted Central a mortgage on the property which was insured by the Federal Housing Administration ("FHA"). The mortgage agreement contained a cap of 5% on attorney's fees for proceedings related to default. When the documents were exchanged, the debtor received a disclosure statement which indicated that the total finance charge on the loan was $14,196.36 but that figure did not include the cost of mortgage insurance which was exacted at a rate of $3.21 per month.

Three years later, after apparently suffering financial hardship, the debtor defaulted on her mortgage payments. She subsequently filed a petition for the repayment of her debts under chapter 13 of the Bankruptcy Code ("the Code") and the state action was automatically stayed by 11 U.S.C. § 362(a). Central filed a proof of claim for $3,619.76 which included the arrearages due on the mortgage plus costs

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052.

and $1,040.80 for attorney's fees. The unpaid principal balance is currently $7,291.90.

The debtor duly objected to the proof of claim, (1) maintaining that the costs of the foreclosure proceeding should be excluded because the action was not properly brought under HUD guidelines for mortgage foreclosure, (2) asserting violations of the TILA that would allow the debtor to recoup $1,000.00 of the claimed amount, plus attorney's fees, and (3) claiming a reduction in attorney's fees to the 5% cap specified in the mortgage.

We will begin our discussion with the TILA, a federal statute which regulates the terms and conditions of consumer credit. Its congressionally declared purpose is to assure the informed use of credit through a meaningful disclosure of credit terms so that consumers may more readily compare different financing options and costs. 15 U.S.C. § 1640. *In Re DiCianno*, 58 B.R. 810 (Bankr.E.D.Pa.1986). For all loans which fall within its purview, the TILA requires a creditor to issue the debtor a disclosure statement summarizing certain information found in the loan documents. The information which must be disclosed is defined in the TILA and Regulation Z, 12 C.F.R. § 226.1 et seq. "Enforcement is achieved in part by a system of strict liability in favor of the consumers who have secured financing when the standards [of disclosure] have not been met." *Thomka v. A.Z. Chevrolet, Inc.*, 619 F.2d 246, 248 (3rd Cir.1980). There are only two exceptions to the strict liability standard; either the error must be rectified in writing within fifteen days of discovery, 15 U.S.C. § 1640(b), or the error must be an unintentional, bona fide error, 15 U.S.C. § 1640(c). *Thomka*, 619 F.2d at 248. This second exception has been construed to mean "clerical error". *Thomka*, 619 F.2d at 250. Central has not contended that either of these exceptions are applicable here.

Upon a creditor's failure to make necessary disclosures, the TILA provides a debtor with several remedies among which is an award of actual damages, attorney's fees and an additional award of up to $1,000.00. 15 U.S.C. § 1640(a).[2] Under § 1640(a)(1)

**2.** § 1640. Civil liability
Individual or class action for damages; amount of award; factors determining amount of award

(a) Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(1) any actual damage sustained by such person as a result of the failure;

(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, or (ii) in the case of an individual action relating to a consumer lease under part E of this subchapter, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000; or

(B) in the case of a class action, such amount as the court may allow, except that as to each member of the class no minimum recovery shall be applicable, and the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same creditor shall not be more than the lesser of $500,-000.00 or 1 per centum of the net worth of the creditor; and

(3) in the case of any successful action to enforce the foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.

In determining the amount of award in any class action, the court shall consider, among other relevant factors, the amount of any actual damages awarded, the frequency and persistence of failures of compliance by the creditor, the resources of the creditor, the number of persons adversely affected, and the extent to which the creditor's failure of compliance was intentional. In connection with the disclosures referred to in section 1637 of this title, a creditor shall have a liability determined under paragraph (2) only for failing to comply with the requirements of section 1635, section 1637(a), or of paragraph (4), (5), (6), (7), (8), (9), or (10) of section 1637(b) of this title or for failing to comply with disclosure requirements under State law for any term or item which the Board has determined to be substantially the same in meaning under section 1610(a)(2) of this title as any of the terms or items referred to in section 1637(a) of this title or any of those paragraphs

and (a)(3) actual damages, attorney's fees and costs may be awarded in any successful action to enforce liability under the TILA or in any case in which a party has a right of rescission under the TILA. In an individual action, rather than a class action, the aggrieved party is also eligible under § 1640(a)(2)(A)(i) for twice the amount of the finance charge of the loan—but in an amount not less than $100 nor more than $1,000.00—if the violation is of the type specified in the statutory language following § 1640(a)(3). § 1640(a). An award under § 1640(a)(2)(A)(i) may be predicated on, *inter alia*, violations of 15 U.S.C. § 1635 or 15 U.S.C. § 1638(a)(3), (a)(4), (a)(5), (a)(6) or (a)(9) plus § 1638(a)(2) (insofar as it requires a disclosure of the "amount financed"). Section 1638(a)(3) requires that the disclosure statement reveal:

> (3) The "finance charge", not itemized, using that term.

15 U.S.C. § 1638(a)(3). The "finance charge" is defined as including the "[p]remium or other charge for any guarantee or insurance protecting the creditor against the obligor's default or other credit loss." 15 U.S.C. § 1605(a)(5).[3] In certain instances the cost of the insurance need not be included in the "amount financed" under exclusions found at 15 U.S.C. § 1605(b).

 Applying this authority to the case before us, it is clear that Central did not include the cost of the mortgage insurance in calculating the "finance charge." This is a prima facie violation of § 1638(a)(3) due to the language of

of section 1637(b) of this title. In connection with the disclosures referred to in section 1638 of this title, a creditor shall have a liability determined under paragraph (2) only for failing to comply with the requirements of section 1635 of this title or of paragraph (2) (insofar as it requires a disclosure of the "amount financed"), (3), (4), (5), (6), or (9) of section 1638(a) of this title, or for failing to comply with disclosure requirements under State law for any term which the Board has determined to be substantially the same in meaning under section 1610(a)(2) of this title as any of the terms referred to in any of those paragraphs of section 1638(a) of this title. With respect to any failure to make disclosures required under this part or part D or E of this subchapter, liability shall be imposed only upon the creditor required to make disclosure, except as provided in section 1641 of this title.

15 U.S.C. § 1640(a).

**3. § 1605. Determination of finance charge**

*Definition*

(a) Except as otherwise provided in this section, the amount of the finance charge in connection with any consumer credit transaction shall be determined as the sum of all charges, payable directly or indirectly by the person to whom the credit is extended, and imposed directly or indirectly by the creditor as an incident to the extension of credit. The finance charge does not include charges of a type payable in a comparable cash transaction. Examples of charges which are included in the finance charge include any of the following types of charges which are applicable:

> (1) Interest, time price differential, and any amount payable under a point, discount, or other system of additional charges.
>
> (2) Service or carrying charge.
>
> (3) Loan fee, finder's fee, or similar charge.
>
> (4) Fee for an investigation or credit report.
>
> (5) Premium or other charge for an guarantee or insurance protecting the creditor against the obligor's default or other credit loss.

*Life, accident, or health insurance premiums included in finance charge*

(b) Charges or premiums for credit life, accident, or health insurance written in connection with any consumer credit transaction shall be included in the finance charge unless

> (1) the coverage of the debtor by the insurance is not a factor in the approval by the creditor of the extention of credit, and this fact is clearly disclosed in writing to the person applying for or obtaining the extension of credit; and
>
> (2) in order to obtain the insurance in connection with the extension of credit, the person to whom the credit is extended must give specific affirmative written indication of his desire to do so after written disclosure to him of the cost thereof.

*Property damage and liability insurance premiums included in finance charge*

(c) Charges or premiums for insurance, written in connection with any consumer credit transaction, against loss of or damage to property or against liability arising out of the ownership or use of property, shall be included in the finance charge unless a clear and specific statement in writing is furnished by the creditor to the person to whom the credit is extended, setting forth the cost of the insurance if obtained from or through the creditor, and stating that the person to whom the credit is extended may choose the person through which the insurance is to be obtained.

15 U.S.C. § 1605(a), (b) and (c).

§ 1605(a).[4] Central has failed to meet any of the conditions for excluding the cost of the mortgage insurance in calculating the "finance charge" as is allowable under § 1605(b). Due to this violation, Central is liable for twice the amount of the true finance charge (subject to the upper limit of $1,000.00) under § 1640(a)(2)(A)(i) and for costs and attorney's fees under § 1640(a)(3). Since the finance charge is over $500.00, the debtor is entitled to recoupment in the amount of $1,000.00, plus attorney's fees and costs. No actual damages have been proven under § 1640(a)(1).

◼ The debtor's second objection is to the inclusion in the proof of claim of costs and attorney's fees expended for the state foreclosure proceeding. She contends that Central failed to comply with HUD regulations in foreclosing on the mortgage. However, it has been established that HUD regulations on federally insured private mortgages were recommendations only and not prerequisites for the institution of foreclosure proceedings. *Encarnacion Hernandez v. Prudential Mortgage Corp.*, 553 F.2d 241 (1st Cir.1977). Thus, there is no legal basis for excluding Central's claim for costs and attorney's fees expended on the foreclosure.

Perhaps anticipating the lack of legal precedent for declaring the foreclosure improper, the debtor further requests us to invoke an equitable remedy. We see no basis for that type of relief and we will accordingly deny the request.

◼ The debtor's last objection is on the allowance of attorney's fees in excess of the 5% of the unpaid principal balance as specified in the mortgage agreement. The allowance of attorney's fees in a proof of claim is primarily accomplished through 11 U.S.C. § 506(b) of the Code which states:

(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided under the agreement under which such claim arose.

11 U.S.C. § 506(b). Under this provision the allowance of attorney's fees is governed by the agreement between the parties and should be strictly construed. *In Re Tolan*, 41 B.R. 751, 753 (Bankr.M.D. Tenn.1984), *In Re Cosby*, 33 B.R. 949 (Bankr.E.D.Pa.1983). The mortgage agreement at issue limits the mortgagee's recovery of attorney's fees to 5% of the principal debt, which in the instant case amounts to $364.59.

In summary, Central sought in the proof of claim, *inter alia*, attorney's fees in the amount of $1,040.80, but we will reduce this sum by $676.21 in order to meet the cap of $364.59. We will also grant the debtor's request for a reduction of the creditor's proof of claim of $1,000.00 due to recoupment on the TILA violation and thus reduce the claim by a total of $1,676.21. We will also set a hearing to determine the amount of attorney's fees to be awarded to the debtor under the TILA. We will enter an appropriate order.

---

**4.** The debtor has advanced other bases on which liability may be predicated, but we need not address them since the debtor cannot receive multiple awards simply because several provisions of the statute were violated. 15 U.S.C. § 1640(g).