**In re Victoria PARKER, Debtor.**

**Bankruptcy No. 87–02818S.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Dec. 23, 1987.

**730**

Gary McCafferty, Philadelphia, Pa., for GSB.

Alan M. White, Community Legal Services, Inc., Philadelphia, Pa., for debtor.

Edward Sparkman, Philadelphia, Pa., Chapter 13 Trustee.

### OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

The instant matter is before us on the Debtor's Objection to the Proof of Claim of Germantown Savings Bank (hereinafter referred to as "GSB"), in which she seeks to reduce the sum sought by GSB for mortgage arrearages on the grounds that (1) GSB sought excessive attorney's fees and (2) recoupment arising from alleged violations of the federal Truth-in-Lending Act, 15 U.S.C. § 1601, et seq. (hereinafter referred to as "TILA"), in the disclosure statement given to the Debtor in her home-purchase transaction. Having resolved the attorney's fee issue with Debtor, GSB proceeds to assert several rather creative counter-arguments on the TILA issue. Nevertheless, we shall proceed to sustain the Debtor's Objection as to this issue.

The instant Chapter 13 bankruptcy case was filed on June 9, 1987. On September 9, 1987, GSB filed a secured Proof of Claim asserting arrears and late charges of $1,357.27, foreclosure costs of $295.50, and a "legal fee" of $820.00, thus bringing its total claim to $2,472.77. On September 22,

1987, the Debtor filed her instant Objection. On October 6, 1987, GSB answered each contention of the Debtor with a single word: "Denied."

After a continuance by agreement of the parties, the matter came before us for a hearing on November 10, 1987. At that time the parties indicated that GSB had agreed to reduce its attorney's fee claim to $320.00, doubtless in response to our Opinion in *In re Nickleberry*, 76 B.R. 413, 420–23 (Bankr.E.D.Pa.1987) (fee of $300.00 deemed reasonable for handling an uncontested mortgage foreclosure case). However, the parties desired to brief the TILA issue, and Briefs were directed to be filed on or before December 8, 1987 (the Debtor), and December 22, 1987 (GSB). GSB's counsel graciously cooperated with our request to submit its Brief earlier and did so on December 18, 1987.

The Debtor asserts three substantive TILA violations: (1) Incomplete disclosure of the security interest taken, in violation of former 15 U.S.C. § 1638(a)(10) and 12 C.F.R. § 226.8(b)(5);[1] (2) Failure to exclude certain allegedly unitemized fees and mortgage insurance charges from the finance charge, in violation of former 15 U.S.C. § 1605(a) and 12 C.F.R. § 226.4(a);[1] and (3) Inclusion of extraneous, confusing additional information in violation of former 12 C.F.R. § 226.6(c).[1]

We need not reach the merits of the second and third alleged violations because the first alleged violation obviously has merit. The disclosure statement recites the security taken as follows:

XI.   The security for this obligation is a mortgage on premises: 6247 Wister Street, Philadelphia, Pa.

Meanwhile, the "real" security interest taken in the mortgage, after the description of the realty, also includes the following clause:

TOGETHER with all and singular the present and future buildings, additions and improvements as well as any and all

---

1. The mortgage transaction occurred on June 12, 1978, thus rendering it subject to the version of the TILA effective in transactions prior to the

1980 amendments. *See, e.g., In re Ashhurst, Ashhurst v. Meritor Savings Bank,* 80 B.R. 49, at 49 n. 1 (Bankr.E.D.Pa.1987).

fixtures, appliances and equipment of any nature whatsoever now or hereafter installed in or upon said premises, streets, alleys, passages, ways, waters, water courses, rights, liberties, privileges, hereditaments and appurtenances whatsoever thereunto belonging, or in any wise appertaining, and the reversions and remainders, rents, issues and profits thereof, now or hereafter accruing.

Of this violation, GSB states: "It is submitted that, contrary to the current case law in this jurisdiction, said disclosure is sufficient under the TILA." Memorandum of Law in Opposition to Debtor's Objection to Claim of Germantown Savings Bank, at 5. We note that GSB cites no *past* case law of this jurisdiction, nor case law in any *other* jurisdiction which would support the compliance of this disclosure with the TILA. Clearly, the disclosure statement fails to recite that all of the Debtor's present and after-acquired "appliances and equipment" are secured in the transaction. As the GSB statement suggests, arguably less serious similar violations have a history of success in this court. *See, e.g., Gambale v. Lomas & Nettleton Co.,* 80 B.R. 308 (E.D.Pa.1987); *Ashhurst, supra,* 80 B.R. at 50 & n. 3; *In re Dangler,* 75 B.R. 931, 934 (Bankr.E.D.Pa.1987); *In re Matzulis,* 74 B.R. 552, 554 (Bankr.E.D.Pa.1987), *remanded,* C.A. No. 87–4390 (E.D.Pa. Nov. 18, 1987); *In re Martin,* 72 B.R. 126, 128 (Bankr.E.D.Pa.1987); *In re Johnson–Allen,* 67 B.R. 968, 971–74 (Bankr.E.D.Pa.1986); and *In re Cervantes,* 67 B.R. 816, 818–19 (Bankr.E.D.Pa.1986). *Cf. In re Caster,* 77 B.R. 8, 11–12 (Bankr.E.D.Pa.1987) (security interest taken by mortgagee in mortgagor's in appliances takes the mortgage out of the category of security interests covered by 11 U.S.C. § 1322(b)(2), which pertains to mortgages of realty only).

GSB, however, as indicated at the outset, relies, for its principal defenses, on several arguments which we have rarely encountered in the aforesaid cases. These are as follows: (1) A TILA recoupment defense should not be permitted to offset arrears, as opposed to a mortgagee's entire secured claim; (2) The recoupment claim is barred by the Pennsylvania Superior Court's decision that a TILA recoupment claim cannot be raised as a defense in a mortgage foreclosure action in *New York Guardian Mortgage Corp. v. Dietzel,* 362 Pa.Super. 426, 524 A.2d 951, 953 (1987); and (3) The Debtor failed to join her co-mortgagee-spouse, James L. Parker, who allegedly owns the property by entireties with the Debtor, and is hence an indispensable party. For a variety of reasons, none of these defenses, though novel, can be sustained here.

The first defense arises from holdings of this Court, in other contexts, that mortgage arrears cannot be equated with a mortgagee's "secured claim," since the latter refers solely to the entire balance owed to a mortgagee. *See Nickleberry, supra,* 76 B.R. at 420; *In re Fries,* 68 B.R. 676, 681–82 (Bankr.E.D.Pa.1986); and *In re Small,* 65 B.R. 686, 688–92 (Bankr.E.D.Pa. 1986), *aff'd,* 76 B.R. 390 (1987). It is true that there is a distinction between arrears and a "secured claim" and, in certain contexts, we believe this distinction to be significant.[2]

■ However, it does not follow that, because the Debtor chooses to cure arrears on her mortgage instead of paying off the entire mortgage claim in a Chapter 13 plan, the Debtor should not be able to assert her TILA recoupment claim against the mortgagee's "claim" for arrears. We discussed this precise issue in *In re Jablonski,* 70 B.R. 381, 390 (Bankr.E.D.Pa.1987), and concluded as follows:

---

**2.** The context of *Nickleberry* and *Small* was in construing the scope of 11 U.S.C. § 506(b). The discussion in *Fries* was in construing 11 U.S.C. § 1325(a)(5). Both *Small* and *Fries* expressed a belief that this issue was significant in ruling that mortgagees were not entitled to interest on arrears if same were not provided for in a mortgage contract. We note that, in the ultimate affirmance of the result of *Small* and *Fries* in *In re Capps,* 836 F.2d 773, 775–77 (3d Cir.1987), the Third Circuit Court of Appeals did not rely on this distinction, but simply held that payment of interest on arrears is not necessary to effect a mortgage cure, per 11 U.S.C. §§ 1322(b)(5) and 1325(a)(5).

In other cases involving residential mortgages, where this Court, and particularly Judge Goldhaber, has ruled that a TILA recoupment penalty against a residential mortgagee is in order, he has deducted this sum from the mortgagee's Proof of Claim for arrearages. *See In re Schultz*, 58 B.R. 945, 946–47, 949 (Bankr. E.D.Pa.1986). Consistently with the holding of *Schultz*, we must reject the Mortgagee's invitation to deduct the $1,000.00 recoupment from only the unsecured portion of the $20,350.00 "total debt" owed to the Mortgagee. We should note that this result is consistent with the equitable principle set forth in *Griggs v. Provident Consumer Discount Co.*, 680 F.2d 927, 932–33 (3d Cir. 1982), that the TILA penalty, modest as it is, should be imposed in such a manner as to have the most meaningful impact on the wrongdoing creditor.

Thus, we will reduce the Mortgagee's "claim" for arrearages to $6,888.53 and the secured portion of its total debt to $19,350.00.

We can perceive no logical reason to recede from this holding in *Jablonski*. We note that, on this point, we followed the holdings of former Chief Judge Goldhaber, who expressly adopted the same approach elsewhere that he did in *Schultz, supra. See, e.g., In re DiCianno*, 58 B.R. 810, 812, 814 (Bankr.E.D.Pa.1986). We also note that, while the Debtor in *Johnson–Allen, supra*, may have been asserting her recoupment against the mortgagee's entire claim, as opposed to a "claim" for "arrears," this was not the case in any of the other cases cited at page 731 *supra*. Thus, *sub silentio*, this argument of GSB has been rejected as regularly in this Court as the argument that the mortgagee's disclosure of the security interests taken by it here was sufficient. As in the case of

GSB's reluctance to accept the accuracy of the case law of this jurisdiction on that point, we observe again that GSB has cited no case law in this or any jurisdiction to the contrary. We therefore have no hesitancy in rejecting this argument.

■ The second argument, the viability and applicability of the *Dietzel* case, was discussed at length by us in *Dangler, supra*, 75 B.R. at 935–37. We do not recede from our rather strongly-phrased conclusion in *Dangler* that the *Dietzel* result was indefensible on its own terms and that an assertion of a proof of claim, even in the form of a "claim" for arrears only, is an action "to collect amounts owed" or "to collect the debt," pursuant to 15 U.S.C. § 1640(e). *See Werts v. Federal Nat'l Mortgage Ass'n*, 48 B.R. 980, 983 (E.D.Pa. 1985). Thus, this argument fails as well.

■ GSB's final argument is the most meritorious of the three, and might have succeeded but for the fact that we believe it has been waived here. Our reasoning in *In re Dinkins, Dinkins v. Margaretten & Co.*, 79 B.R. 253, 257–58 (Bankr.E.D.Pa. 1987), suggests that not only any co-obligor, such as Mr. Parker,[3] but also the Standing Chapter 13 Trustee, Edward Sparkman, Esquire, are indispensable parties who should have been joined as parties hereto. *See, e.g., Vreugdenhil v. Hoekstra*, 773 F.2d 213, 215 (8th Cir.1985); *Harrell & Sumner Contracting Co. v. Peabody Peterson Co.*, 546 F.2d 1227, 1228–29 (5th Cir.1977); and 3A J. MOORE, FEDERAL PRACTICE, ¶s 19.07[2.–0], 19.07[2.–2], 19.09[2], 19.11, at 19–99, 19–111 to 19–112, 19–180 to 19–181, and 19–211 to 19–212 (2d ed. 1987).[4]

■ However, we note that GSB never raised this issue in its pleadings, nor at any time prior to making argument in its Brief.

---

**3.** This, of course, assumes that Mr. Parker is not deceased or has not deeded his interest in the premises to the Debtor, issues which we cannot ascertain on the present record.

**4.** As we indicated in *Johnson–Allen, supra*, 67 B.R. at 974–75, the failure of Mr. Parker to join this bankruptcy or this proceeding works to the benefit of GSB, as it eliminates a recovery for him also, as each co-obligor is entitled to a

separate recovery in a TILA action governed by the previous version of the TILA. *See Gambale, supra;* and *Ashhurst, supra*. A more difficult problem is presented in an action under the new version of the TILA. Considering 15 U.S.C. § 1640(d), can an co-obligor "use up" the TILA claim of co-obligor? *Compare Johnson–Allen*, 67 B.R. at 975.

As we concluded in *In re Corbett*, 80 B.R. 32, 36 (Bankr.1987), Bankruptcy Rule 7012(b) and Federal Rule of Civil Procedure 12(h)(2) require that such a defense must be made either in pleadings or at trial. Failure to raise it in either of those places, and not raising it until post-trial briefing, constitutes, in our view, a waiver of the indispensable party defense.

GSB attaches particular significance to the fact that James L. Parker allegedly owns the premises secured by its mortgage by the entireties with the Debtor,[5] attaching a copy of Judge Goldhaber's Opinion in *In re Panas*, 68 B.R. 421 (Bankr.E.D.Pa. 1986), to emphasize the purportedly-pertinent principle that entireties estates are given particular deference by the law. *See id.* at 423–26. However, in *Jablonski*, we both agreed with the result in *Panas*, 70 B.R. at 387–88, *and* allowed a co-obligor-wife who owned the premises in question by the entireties with her husband to maintain her recoupment claim without the joinder of her spouse, with, we might note, no objection on this score from the mortgagee there. Especially since GSB as waived any indispensable party defense, we can perceive no just basis to reach a different result here than we reached in *Jablonski*.

Therefore, our result is that the Debtor is entitled to successfully assert her TILA recoupment claim. Adding the $1,000.00 recoupment claim to the stipulated $500.00 reduction in the attorney's fees claimed reduces GSB's $2,472.77 "claim" for arrears to $972.77. We shall so order.

---

**5.** But see page 732, n. 3 *supra*. This conclusion also would assume that the Parkers remain married at present, which also is not established in the record.