In re Arthur C. **PERRY,** Debtor.

Arthur C. **PERRY,** Plaintiff,

v.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION,** Defendant.

**Bankruptcy No. 85–03215G.**
**Adv. No. 86–0012G.**

United States Bankruptcy Court,
E.D. Pennsylvania.

April 30, 1986.

Karen J. Vaughn, Community Legal Services, Inc., Philadelphia, Pa., for debtor/plaintiff, Arthur C. Perry.

Joseph Goldbeck, Gary E. McCafferty, Philadelphia, Pa., for defendant, Federal Nat. Mortg. Ass'n.

James J. O'Connell, Philadelphia, Pa., Standing Chapter 13 Trustee.

## OPINION

EMIL F. GOLDHABER, Chief Judge:

The principal issue presented in the case at bench is whether a secured creditor has violated the Truth-In-Lending Act ("the TILA"), 15 U.S.C. § 1601 et seq., by failing to comply with the requisite disclosure provisions. Since we find that the creditor failed to accurately disclose the security interest taken to secure the loan, we conclude that the TILA was violated.

The facts of this case are as follows:[1] In 1972 the debtor borrowed funds for the purchase of a home from the Boulevard Mortgage Company ("Boulevard"), in exchange for which the debtor granted Boulevard a mortgage in the realty. In the disclosure statement required under the TILA, Boulevard stated that:

7. Said mortgage covers all after-acquired property and any future advances, the terms of which are described in the mortgage.

In pertinent part, the mortgage stated that:

This mortgage being intended to be a purchase money mortgage under the provisions of the lien priority law as amended ... Together with all and singular the buildings, improvements, and fixtures on said premises, as well as all additions or improvements now or hereafter made to said premises, streets, alleys, passages, ways, waters, water courses, rights, liberties, privileges, hereditaments, and appurtenances whatsoever thereunto belonging, or in any wise appertaining, and the reversions and remainders, rents, issues, and profits thereof, and in addition thereto the following described household appliances, which are, and shall be deemed to be, fixtures and a part of the realt, and are a portion of the security for he indebtedness herein mentioned....

The mortgage note indicated that in the event of default, Federal's counsel could collect an "attorney's" commission of 5% for collection.

In due course Boulevard assigned the note and mortgage to Federal National Mortgage Association ("Federal"). Three years ago the debtor defaulted on the mortgage prompting Federal to institute foreclosure proceeding.

The debtor thereafter filed a petition for the repayment of his debts under chapter 13 of the Bankruptcy Code ("the Code"). Federal filed a proof of claim for $10,509.94 which consisted, in part, of $6,471.77 as the principal balance and $550.00 as attorneys' fees. The debtor then filed the instant complaint. Both parties have moved for summary judgment.

We note that the TILA is a federal statute which regulates the terms and condi-

---

1. This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy     Rule 7052.

tions of consumer credit. Its congressionally declared purpose is to assure the informed use of credit through a meaningful disclosure of credict terms so that consumers may more readily compare different financing options and costs. 15 U.S.C. § 1640; *In re DiCianno*, 58 B.R. 810 (Bankr.E.D.Pa.1986). For all loans which fall within its purview, the TILA requires a creditor to issue the debtor a disclosure statement summarizing certain information found in the loan documents. The information which must be disclosed is defined in the TILA and Regulation Z, 12 C.F.R. § 226.1 et seq. "Enforcement is achieved in part by a system of strict liability in favor of the consumers who have secured financing when the standards [of disclosure] have not been met." *Thomka v. A.Z. Chevrolet, Inc.*, 619 F.2d 246, 248 (3rd Cir. 1980). There are only two exceptions to the strict liability standard; either the error must be rectified in writing within fifteen days of discovery, 15 U.S.C. § 1640(b), or the error must be an unintentional, bona fide error, 15 U.S.C. § 1640(c). *Thomka*, 619 F.2d at 248. This second exception has

been construed to mean "clerical error". *Thomka*, 619 F.2d at 250.

Actions under the TILA must generally be brought within one year of the alleged violation. 15 U.S.C. § 1640(e). Nonetheless, we have held that the one year bar to the institution of suit did not prohibit a debtor from objecting to a proof of claim filed by a lender who allegedly violated the TILA although the bankruptcy and the proof of claim were filed more than one year after the alleged violation. *Hanna v. Lomas and Nettleton (In re Hanna)*, 31 B.R. 424 (Bank.E.D.Pa.1983); *Werts v. Federal National Mortgage Assoc.*, 48 B.R. 980 (E.D.Pa.1985); § 1640(e). Our decision was based on the conclusion that the debtor's cause of action was in the nature of an offset or recoupment.

Upon a creditor's failure to make necessary disclosures, the TILA provides a debtor with several remedies among which is an award of actual damages, attorney's fees and an additional award of up to $1,000.00 15 U.S.C. 1640(a).[2] Under § 1640(a)(1) and

**2. § 1640. Civil liability**

Individual or class action for damages; amount of award; factors determining amount of award

(a) Except as otherwise provided in this section, any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title, or part D or E of this subchapter with respect to any person is liable to such person in an amount equal to the sum of—

(I) any actual damage sustained by such person as a result of the failure;

(2)(A)(i) in the case of an individual action twice the amount of any finance charge in connection with the transaction, or (ii) in the case of an individual action relating to a consumer lease under part E of this subchapter, 25 per centum of the total amount of monthly payments under the lease, except that the liability under this subparagraph shall not be less than $100 nor greater than $1,000; or

(B) in the case of a class action, such amount as the court may allow, except that as to each member of the class no minimum recovery shall be applicable, and the total recovery under this subparagraph in any class action or series of class actions arising out of the same failure to comply by the same creditor shall not be more than the lesser of $500,-000.00 or 1 per centum of the net worth of the creditor; and

(3) in the case of any successful action to enforce foregoing liability or in any action in which a person is determined to have a right of rescission under section 1635 of this title, the costs of the action, together with a reasonable attorney's fee as determined by the court.

In determining the amount of award in any class action, the court shall consider, among other relevant factors, the amount of any actual damages awarded, the frequency and persistence of failures of compliance by the creditor, the resources of the creditor, the number of persons adversely affected, and the extent to which the creditor's failure of compliance was intentional. In connection with the disclosures referred to in section 1637 of this title, a creditor shall have a liability determined under paragraph (2) only for failing to comply with the requirements of section 1635, section 1637(a), or of paragraph (4), (5), (6), (7), (8), (9), or (10) of section 1637(b) of this title or for failing to comply with disclosure requirements under State law for any term or item which the Board has determined to be substantially the same in meaning under section 1610(a)(2) of this title as any of the terms or items referred to in section 1637(a) of this title or any of those paragraphs of section 1637(b) of this title. In connection with the disclosures referred to in section 1638 of this title, a creditor shall have a liability deter-

(a)(3) actual damages, attorney's fees and costs may be awarded in any successful action to enforce liability under the TILA or in any case in which a party has a right of rescission under the TILA. In an individual action, rather than a class action, the aggrieved party is also eligible under § 1640(a)(2)(A)(i) for twice the amount of the finance charge of the loan—but in an amount not less than $100 nor more than $1,000.00—if the violation is of the type specified in the statutory language following § 1640(a)(3). § 1640(a). An award under § 1640(a)(2)(A)(i) may be predicated on, *inter alia*, violations of 15 U.S.C. § 1635 or 15 U.S.C. § 1638(a)(3),(a)(4), (a)(5), (a)(6) or (a)(9) plus § 1638(a)(2) (insofar as it requires a disclosure of the "amount financed"). Section 1638(a)(9) requires that the disclosure statement reveal:

§ 1638 Transactions other than under open end credit plan

Required disclosures by creditor

(a) For each consumer credit transaction other than under an open end credit plan, the creditor shall disclose each of the following items, to the extent applicable.

(9) Where the credit is secured, a statement that a security interest has been taken in (A) the property which is purchased as part of the credit transaction, or (B) property not purchased as part of the credit transaction identified by item or type.

15 U.S.C. § 1638(a)(9) [3] The regulations clarifying § 1638(a)(9) specify that:

§ 226.18 Content of disclosures.

For each transaction, the creditor shall disclose the following information as applicable:

\* \* \* \* \* \*

(m) Security interest. The fact that the creditor has or will acquire a security interest in the property purchased as part of the transaction, or in other property identified by item or type.

12 C.F.R. § 226.18(m) (1986).

In the case at bench the disclosure statement indicated that the "mortgage covers all after-acquired property...." Nonetheless, the terms of the mortgage purport to secure only the realty and present and future fixtures and improvements made to the realty rather than after-acquired property. While fixtures and improvements annexed to the realty after the generation of the mortgage are, under a strained construction, conceivably a type of "after-acquired property," they fit neither the legal nor customary use of the term.

Furthermore, the disclosure statement expressed that the "mortgage covers all future advances...." Federal points to no provision in the mortgage which would secure future advances. On the basis of both the after-acquired property clause and the future advance clause in the disclosure statement, the disclosure statement was deficient under § 1638(a)(9) of the TILA

---

mined under paragraph (2) only for failing to comply with the requirements of section 1635 of this title or of paragraph (2) (insofar as it requires a disclosure of the "amount financed"), (3) (4), (5), (6), or (9) of section 1638(a) of this title, or for failing to comply with disclosure requirements under State law for any term which the Board has determined to be substantially the same in meaning under section 1610(a)(2) of this title as any of the terms referred to in any of those paragraphs of section 1638(a) of this title. With respect to any failure to make disclosures required under this part or part D or E of this subchapter, liability shall be imposed only upon the creditor required to make disclosure, except as provided in section 1641 of this title. 15 U.S.C. § 1640(a).

**3.** At the time of the origination of the loan the matter currently found in 1638(a)(9) was found in 15 U.S.C. § 1638(a)(10) (1974):

1638 Sales not under open end credit plans.
(a) Required disclosures by creditor
In connection with each consumer credit sale not under an open end credit plan, the creditor shall disclose each of the following items which is applicable:

\* \* \* \* \*

(10) A description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates. 15 U.S.C. § 1638(a)(10) (1970).

since the creditor failed to reveal clearly what security interest was retained.

Our conclusion is squarely supported by *Bizier v. Globe Financial Services, Inc.*, 654 F.2d 1 (1st Cir.1981). In *Bizier*, the disclosure statement inaccurately stated that a home mortgage secured after-acquired property and future advances. The court stated that:

[T]his failure cannot be dismissed as de minimis or hypertechnical because it might well have an adverse impact on borrower in either of two distinct ways: by deterring future borrowing or property acquisition out of an exaggerated belief in the security interest to which they would be subject, or by giving a lender an apparent right which, even if ultimately unenforceable, could serve as a significant bargaining lever in any future negotiations concerning rights or obligations under the loan. Indeed, we think this inaccuracy presents an even clearer case of a violation than one for which courts have consistently imposed liability, namely a description of an actually existing security interest in after-acquired property that fails to note that it extends only to goods acquired within 10 days of the secured party's giving value.

*Bizier*, 654 F.2d at 3.[4]

Due to Federal's violation of the TILA,[5] it is liable for twice the amount of the finance charge (subject to the upper limit of $1,000.00) under § 1640(a)(2)(A)(i) and for costs and attorney's fees under § 1640(a)(3). Since the finance charge is over $500.00, the debtor is entitled to recoupment in the amount of $1,000.00, plus attorney's fees and costs. No actual damages have been proven under § 1640(a)(1).

In his complaint the debtor requests further relief on the basis that Federal's proof of claim consists of attorneys' fees in excess of the cap designated in the mortgage note. As related above, the note states that in the event of default Federal's counsel is entitled to an "attorney's commission of 5% for collection...." Contrary to the debtor's contention, the note does not specify that attorneys' fees are limited to 5% of the "principal balance" rather than 5% of "total outstanding debt." We conclude that a more reasonable interpretation of the fee clause is that the 5% figure should be calculated from the total outstanding indebtedness. Thus, Federal's counsel fees under the mortgage note are limited to $498.00.[6] Since, Federal's proof of claim was predicated on a claim of attorneys' fees in the amount of $550.00 rather than $498.00, we must reduce the claim, on this basis, by $52.00.

In summary, the debtor is allowed recoupment in the amount of $1,000.00 against Federal due to its violation of the TILA. Its proof of claim will be further reducing by $52.00 based on the exaction of excess attorneys' fees. Based on the TILA violation, the debtor is also entitled to attorneys' fees and costs in bringing the in-

---

**4.** *Bizier* construed the terms of a consumer loan document which was neither a "consumer credit sale" nor "an open end consumer credit" plan. The pertinent provision stated:

§ 1639. Consumer loans not under open end credit plans
(a) Required disclosures by creditor
Any creditor making a consumer loan or otherwise extending consumer credit in a transaction which is neither a consumer credit sale nor under an open end consumer credit plan shall disclose each of the following items, to the extent applicable:
\* \* \* \* \* \*
(8) A description of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates.

15 U.S.C. 1639(a)(8) (1976) (repealed). Section 1639 was repealed in 1980. Contemporaneous changes made in § 1638 reflect Congressional intent in redressing actions in violation of former § 1639(a) under § 1638(a).

**5.** The debtor has advanced other bases on which liability may be predicated, but we need not address them since the debtor cannot receive multiple awards simply because several provisions of the statute were violated. 15 U.S.C. § 1640(g).

**6.** Federal filed a proof of claim for $10,509.94 which consisted, in part, of $550.00 in attorneys' fees. The difference between these two figures is $9,959.95. Multiplying this difference by 5% produces a cap of $498.00.

stant action. Consequently, we will reduce Federal's proof of claim from $10,509.94 to $9,457.94 and schedule a hearing to fix the amount of Federal's liability to the debtor on costs and attorneys' fees in instituting the suit at issue.

To effect this relief we will grant the debtor's motion for summary judgment but deny Federal's motion for such relief.