In re Lynwood G. CAPPS.

Civ. A. No. 87–0056.

United States District Court,
E.D. Pennsylvania.

March 19, 1987.

Leslie J. Carson, Jr., Philadelphia, Pa., for Commonwealth Eastern Mortg. Corp./appellant.

Mitchell W. Miller, Philadelphia, Pa. for debtors.

James J. O'Connell, Philadelphia, Pa., Chapter 13 trustee.

## MEMORANDUM

GILES, District Judge.

In this action Commonwealth Eastern Mortgage Corp. (lender-appellant) filed a proof of claim seeking arrearages on mortgage payments owed by Lynwood G. and Barbara J. Capps. In *In re Lynwood G. Capps*, Bankr.E.D.Pa. No. 86–03578K, the bankruptcy court awarded lender-appellant arrearages on the past due mortgage payments. Lender-appellant also filed a claim for interest on the arrearages. The bankruptcy court denied this claim. Lender-appellant appealed the denial of its claim of interest on arrearages to this court. This court affirms the bankruptcy court decision denying the claim for interest on arrearages.

Lender-appellant is a secured creditor holding a security interest in debtors' principal residence. "Residential mortgage lenders receive unique treatment in the Bankruptcy Code." *In re Terry*, 780 F.2d 894, 896 (11th Cir.1985). Generally, the Bankruptcy Code provides that a principal residence lender, which lender-appellant is in this action, cannot modify the original contract.[1] The Code provides only one instance in which a Chapter 13 plan can modify an original contract between debtors and principle residence lenders. The modification may occur when the debtor defaults and the original contract permits

---

1. "Subject to subsections (a) and (c) of this section, the plan may ... (2) modify the rights of holder of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence." 11 U.S.C. § 1322 (1982).

the lender to declare the entire debt presently due; then the bankruptcy plan may modify the contract so as to reinstate the regular installment payments. *In re Clark,* 738 F.2d 869 (7th Cir.1984); 11 U.S.C. § 1322(b)(5)(1982). Thus, the one permissible modification of the original contract by a bankruptcy plan exists to ease the repayment burden on the debtor. That is, the debtor can have his or her repayment spread over several payments rather than having to repay in one lump sum. Here, the lender-appellant requests a modification of the original contract. This would increase the debtor's repayment cost.[2] Such a modification is impermissible under the Code. *See,* 11 U.S.C. § 1322. There is no provision in the Code for the modification of an original contract so as to increase the amount to be repaid to the lender-appellant by the debtor.

■ Lender-appellant correctly points out in its brief that there is a division in the circuit courts of appeals as to whether interest on arrearages not provided for in the original contract can be recovered by lenders.[3] The third circuit has not yet ruled on this issue; neither the sixth nor the eleventh circuit rulings are controlling. In *In re Colegrove,* the sixth circuit held that interest on arrearages would be granted so as to allow "the creditor to achieve substantially the benefit of its bargain." 771 F.2d at 122. In *In re Terry,* the eleventh circuit held that a lender could not receive interest on arrearages not provided for in the original contract. The court reasoned that lenders should be given precisely what they bargained for; that is, what is contained in the contract. The court stated that "the benefits for the special treatment of home mortgages ... militate against permitting the mortgagee to receive more cash from the debtor than is provided in the contract." 780 F.2d at 897. The court further stated "that allowance of ... interest under these facts would constitute a

modification of the mortgage contract prohibited under section 1322(b)(2)." *Id.*

Upon examining the relevant bankruptcy code provisions, I find *Terry* persuasive in its determination that to allow interest on arrearages not provided for in the original contract would be an impermissible modification and would be counter to the intent of section 1322 of the Bankruptcy Code.

An appropriate order follows.

## ORDER

AND NOW, this 19th day of March, 1987, upon consideration of appellants' appeal of the Bankruptcy Court's finding, it is hereby ORDERED that the appeal is DENIED and the Bankruptcy Court's determination is AFFIRMED.

---

**2.** Lender-appellant has not shown that an agreement existed whereby the debtor was obligated to pay interest on arrearages. Absent such a showing, the claim for interest on arrearages is deemed a modification. *In re Clark,* 738 F.2d 869 (7th Cir.1984).

**3.** *See In re Colegrove,* 771 F.2d 119 (6th Cir. 1985); *but see In re Terry,* 780 F.2d 894 (11th Cir.1985).