**In re Ruth MARTIN, Debtor.**

**Bankruptcy No. 86–02058K.**

United States Bankruptcy Court,
E.D. Pennsylvania.

April 6, 1987.

Irv Ackelsberg, Philadelphia, Pa., for debtor.

Gary E. McCafferty, Philadelphia, Pa., for Fleet Funding Corp.

James J. O'Connell, Philadelphia, Pa., Chapter 13 Standing Trustee.

OPINION

DAVID A. SCHOLL, Bankruptcy Judge.

Before us in the above-entitled Chapter 13 bankruptcy case, the Petition in which was filed on April 25, 1986, are Objections of the Debtor to the Proof of Claim filed by the Debtor's mortgagee, FLEET FUNDING CORPORATION (hereinafter referred to as "Fleet"). Upon review of the Objections, the Answer thereto, the parties' very short Stipulation of Facts, and the Briefs of the parties, submitted on March 17, 1987, and March 26, 1987, respectively in response to a schedule revised slightly, by agreement of the parties, from that established in our Order of January 27, 1987, it seems clear that our own decisions direct the results of rulings in favor of the Debtor on both of the issues raised, and hence no more than brief treatment is required.

■ First, the Debtor objects to Fleet's imposition of $1,351.53 for "interest for Plan at 60 months," which is admittedly a claim for interest on arrears. Decisions by both judges sitting in Philadelphia, *In re Fries*, 68 B.R. 676, 681–82 (Bankr.E.D.Pa. 1986) (per FOX, J.); and *In re Small*, 65 B.R. 686 (Bankr.E.D.Pa.1986) (per SCHOLL, J.), and the only decision of our District Court on this issue, *In re Capps*, 71 B.R. 592 (E.D.Pa.1987) (per GILES, J.), establish the merit of this objection.

■ Secondly, the Debtor alleges an entitlement to a $1,000.00 statutory penalty in the nature of recoupment due to two separate violations of the federal Truth-in-Lending Act, (hereinafter referred to as "TILA"), per 15 U.S.C. § 1640(a)(2)(A)(i) thereof, in her mortgage documents.

We agree with the Debtor that she is entitled to prevail on the basis of the first of her alleged violations, i.e., that the TILA Disclosure Statement failed to adequately disclose the security interest in fact taken by the mortgagee in the Debtor's credit transaction to finance the purchase of her residential real estate situated at 1112 Wagner Avenue, Philadelphia, Pennsylvania 19141, in violation of former 15 U.S.C. § 1638(a)(10) and 12 C.F.R. § 226.8(b)(5).[1]

The Disclosure Statement recites the following in purported disclosure of the security interest taken by the mortgagee in the transaction:

*SECURITY*—Lender's security interest in this transaction is a first lien on the property specified above, more particularly described in the mortgage to be recorded in this transaction. The lien extends to all after-acquired property and secures future advance on the terms set forth in the mortgage.

Meanwhile, the security actually taken, per the mortgage, includes the realty in issue

[t]ogether with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rent royalties, mineral, oil and gas rights and profits, water rights and water stock, and all fixtures now or hereafter attached to the property all of which including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage and all of the foregoing together with said property (or the leasehold estate if this Mortgage is on a leasehold) are herein referred to as the "Property."

As in *In re Johnson-Allen*, 67 B.R. 968 (Bankr.E.D.Pa.1986), we are faced here with a disclosure statement which "discloses" a security interest which is disparate from that actually taken by the mortgagee in the mortgage itself. It is apparent to us that the cardinal principle of the TILA and its Regulations is making sure that the two are identical, with the disclosure statement being more clearly worded and perhaps shorter, but providing accurate information in order that the consumer

1. We must apply the TILA statute and Regulations as they existed on the date of the realty-purchase transaction, i.e., February 13, 1978, as the former versions of these sections remained effective as to transactions predating October 1, 1982. *See* P.L. No. 96–221, § 625 (1980), *as amended*, P.L. No. 97–25, § 301 (1981); *In re Johnson-Allen*, 67 B.R. 968, 969–70 (Bankr.E.D. Pa.1986).

can refer to it as a benchmark in his or her hypothetical "shop for credit." *See Mourning v. Family Publications Services, Inc.*, 411 U.S. 356, 361–65, 93 S.Ct. 1652, 1656–58, 36 L.Ed.2d 318 (1973) (purpose of TILA is to assure meaningful disclosure of credit terms to consumers to permit them to comparison-shop for credit.).

There are two disparities in the disclosure statement and the mortgage itself which this Court has, in almost identical home-purchase transactions, deemed sufficient to trigger the statutory TILA recoupment penalty:

1. The disclosure statement states that the mortgage secures after-acquired property and future advances, while the mortgage makes no mention of its extension to future advances and does not contain nearly so broad a declaration that it could be understood as covering after-acquired property. Such an over-inclusive disclosure of security actually taken in a home-purchase mortgage was expressly held to be a violation of the TILA by Chief Judge Goldhaber of this Court in *In re Perry*, 59 B.R. 947 (Bankr.E.D.Pa.1986). *See also, e.g., Bizier v. Globe Financial Services, Inc.*, 654 F.2d 1, 3–4 (1st Cir.1981).

2. The mortgage in fact does include a security interest in "improvements, ... easements, rights [the scope of this term is unclear], appurtenances, rent royalties, mineral, oil and gas rights and profits, water rights and water stock, and all fixtures now or hereafter attached to the property...." However, nothing in the disclosure statement could be fairly said to disclose the security taken in these property rights. Therefore, in this sense, the disclosure statement is under-inclusive, and a similar defect was held sufficient to give rise to the TILA recoupment penalty in *Johnson-Allen, supra;* and *In re Cervantes*, 67 B.R. 816, 818–19 (Bankr.E.D.Pa. 1986) (per GOLDHABER, CH. J.).

Recognizing the force of these cases, Fleet attempts to invoke former 12 C.F.R. § 226.8(b)(5), which provides as follows, and thus allegedly assert an "argument ... not presented to the court in [*Perry, supra* ]:"

(b) Disclosures in sale and nonsale credit in any transaction subject to this section, the following items, as applicable shall be disclosed: ...

(5) A description or identification of the type of any security interest held or to be retained or acquired by the creditor in connection with the the extension of credit, and a clear identification of the property to which the security interest relates or, *if such property is not identifiable, an explanation of the manner in which the creditor retains or may acquire a security interest in such property which the creditor is unable to identify. In any such case where a clear identification of such property cannot properly be made on the disclosure statement due to the length of such identification, the note, or other instrument evidencing the obligation, or separate disclosure statement shall contain reference to a separate pledge agreement, or a financing statement, mortgage, deed of trust, or similar document evidencing the security interest, a copy of which shall be furnished to the customer by the creditor as promptly as practicable.* If after-acquired property will be subject to the security interest, or if other or future indebtedness is to be secured by any such property, this fact shall be clearly set forth in conjunction with the description or identification of the type of security interest held, retained or acquired. (emphasis added).

We do not agree with Fleet's contention that this Regulation suggests a result different from that reached in *Perry*, for several reasons. First, § 226.8(b)(5) permits incorporation of the description of the security interest in the security document only if the security interest cannot be clearly identified, or if an adequate identification would run to an unreasonable length. The disclosure of the security taken in the disclosure statement here is not much clearer nor much shorter than the identification of the security interest set forth in the mortgage itself.

Secondly, such attempts at "incorporation" must be narrowly construed, especially in light of the general rule, set forth in 12 C.F.R. § 226.8(a), that all disclosures must be made together on one document. This "one document" rule was soundly endorsed, and a broad application of § 226.-8(b)(5) soundly rejected, in *Gennuso v. Commercial Bank & Trust Co.*, 566 F.2d 437, 441–43 (3d Cir.1977).

Thirdly, one of the two prongs of the Debtor's contention is that the disclosure statement's security interest disclosure is *over-inclusive.* It is inconceivable to us that an over-inclusive security interest disclosure could be saved from manifesting a TILA violation by the terms of § 226.8(b)(5), which is obviously meant to cushion a creditor from claims that a disclosure statement which failed to recite the terms of the security document verbatim would necessarily be *under-inclusive.*

Therefore, we conclude, as did former Chief Judge Goldhaber in surveying a very similar disclosure statement and mortgage document in *Perry*, that a TILA recoupment award must be allowed to the Debtor here.

A finding of one TILA violation entitles the Debtor to the statutory penalty, and only one penalty may be assessed in any one transaction. *See* 15 U.S.C. § 1640(g). Therefore, we need not, and will not, consider whether another TILA violation existed because of an alleged failure of the disclosure statement to give the requisite special emphasis to the disclosure of the terms "finance charge" and "annual percentage rate," as per former 12 C.F.R. § 226.6(a). Frankly, the copy of the disclosure statement submitted into the record is so poor that, had the Debtor been presented with this, we would have no hesitancy in finding that the disclosures were not "made clearly, [or] conspicuously," as was also required by former § 226.6(a). Of course, the legibility of the copy given to the consumer is the important factor. On this record, a nice question as to the relative burdens of proof of the parties in establishing that a legible copy of the disclosure statement was or was not presented to the Debtor would be presented. Thankfully, it is not necessary for us to reach this question.

In light of the foregoing, we shall proceed to enter an Order allowing both of the Debtor's Objections, and allowing her Counsel to recover a reasonable attorney's fee, per 15 U.S.C. § 1640(a)(3), in light of our finding of a valid TILA claim. We add that we would think that, to avoid the imposition of the latter fees, Counsel for mortgagees' holding documents with the same or similar TILA violations upon which we have granted recoupment relief to debtors again and again would be well-advised to simply stipulate to the recoupment penalty.