**In re Willis Boyd FRIEND and Emma Friend, Debtors.**

**Leslie R. SELLERS, Plaintiff,**

v.

**Willis Boyd FRIEND, Defendant.**

**Bankruptcy No. 92–00983–C.
No. 92–0183–C.**

United States Bankruptcy Court,
N.D. Oklahoma.

Nov. 24, 1992.

Gregory P. Williams, Tulsa, Okl., for plaintiff.

Philard Rounds, Tulsa, Okl., for defendant.

## MEMORANDUM OPINION

STEPHEN J. COVEY, Chief Judge.

This matter comes before the Court upon the Stipulated Facts and briefs filed by the parties. The sole issue before the Court is whether punitive damages awarded by a state court in addition to actual damages are nondischargeable under Section 523(a)(9) of the Bankruptcy Code, where the actual damages were caused by a Debtor who was operating a motor vehicle while intoxicated from alcohol.

## FACTS

In August 1989, Leslie R. Sellers ("Plaintiff"), filed a state court action against Willis Boyd Friend ("Debtor") for personal injuries caused by Debtor's unlawful operation of a motor vehicle while intoxicated. On January 17, 1992, following a jury trial, the state court entered judgment against Debtor in the amount of $110,000.00 in actual damages and $10,000.00 in punitive damages. The $110,000.00 in actual damages plus interest has been paid by various insurance companies. Debtor has not paid any of the $10,000.00 punitive damage award.

On March 23, 1992, Debtor and his wife filed for relief under Chapter 7 of the Bankruptcy Code. The Plaintiff thereafter commenced this adversary proceeding to determine the dischargeability of the $10,-000.00 punitive damage award under § 523(a)(9).

## CONCLUSIONS OF LAW

Section 523(a)(9) provides as follows:

(a) a discharge under section 727 ... of this title does not discharge an individual debtor from *any debt*—

(9) *for* death or *personal injury* caused by the debtor's operation of a motor vehicle if such operation was unlawful because the debtor was intox-

icated from using alcohol, a drug, or another substance[.]

(Emphasis added).

Plaintiff argues that § 523(a)(9) excepts from discharge all damages, including those that are punitive in nature, arising from a debtor's unlawful operation of vehicle while intoxicated. On the other hand, Debtor contends that § 523(a)(9) limits the nondischargeability of a debt to compensation for actual damages only. Debtor points out that punitive damages are awarded to punish and deter future conduct, not to compensate for injuries sustained.

■ When interpreting the Bankruptcy Code, this Court begins with the statutory language itself. *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). The plain language of § 523(a)(9) provides for the nondischargeability of *any debt for personal injury* caused by a debtor's operation of a motor vehicle while legally intoxicated. As an exception to discharge, § 523(a)(9) should be read no more broadly than that which is necessary to give effect to the plain meaning of its terms. Thus, only debts for personal injury are excepted from discharge under § 523(a)(9).

■ Punitive damages do not constitute a debt for personal injury. They are not intended to compensate for injuries sustained. Rather, punitive damages are damages awarded over and above actual damages in order to punish a wrongdoer for outrageous conduct. In Oklahoma, punitive damages may be awarded in addition to actual damages where a defendant has been guilty of "conduct evincing a wanton or reckless disregard for the rights of another...." 23 O.S.1992 § 9 A. They are awarded for the benefit of society rather than for the benefit of the litigating parties. *Slocum v. Phillips Petroleum Co.,* 678 P.2d 716 (Okl.1983). Because punitive damages do not represent compensation for personal injury, they do not fall within the scope of § 523(a)(9).[1]

---

1. For cases holding that punitive damages are dischargeable under other sections of § 523, *see In re Alwan Brothers Co.,* 105 B.R. 886 (Bankr. C.D.Ill.1989); *In re Ellwanger,* 105 B.R. 551 (9th Cir. BAP 1989); *In re Perry,* 59 B.R. 947 (Bankr. E.D.Pa.1986)

This Court is aware of decisions holding that punitive damages are nondischargeable in an effort to uphold the social policy behind such damages, i.e. to deter and punish egregious conduct.[2] This Court agrees with the public policy behind the awarding of punitive damages but holds that if such damages are to be excepted from discharge, it should be expressly provided for in § 523. There is no provision in § 523 which provides for the nondischargeability of punitive damages except § 523(a)(7). That section provides that certain penalties and fines owed to a governmental unit are excepted from discharge. This clearly demonstrates that when Congress wanted to make penalties nondischargeable, they knew how to do it.

Exceptions to discharge should be narrowly construed so as to carry out the fresh start policy of the Bankruptcy Code.[3] Exceptions not provided for by the Code should not be provided by the Court. As was aptly put by the Court in *In re Robinson,* 776 F.2d 30, 38 (2nd Cir.1985), "it is inappropriate for a court, based on its own view as to the relative importance of [a] policy, to create judicial exceptions to the clear language of the statute that are warranted neither by that language nor by the legislative history."

Therefore, the Court finds that the $10,000.00 punitive damage award owed by Debtor to Plaintiff is not excepted from discharge under § 523(a)(9). A separate Order consistent with this Memorandum Opinion shall be entered.

---

2. *See In re Manley,* 135 B.R. 137 (Bankr. N.D.Okl.1992); *In re Dahlstrom,* 129 B.R. 240 (Bankr.D.Utah 1991) and cases cited therein.

3. *See In re Shervin,* 112 B.R. 724 (Bankr.E.D.Pa. 1990); *In re Schmiel,* 94 B.R. 373 (Bankr. E.D.Pa.1988); *In re Claussen,* 118 B.R. 1009 (Bankr.D.S.D.1990); *In re Fisackerly,* 114 B.R. 145 (Bankr.W.D.Tenn.1990); *In re Grier,* 124 B.R. 229 (Bankr.W.D.Tex.1991); *In re Murray,* 116 B.R. 473 (Bankr.E.D.Va.1990); *In re Blackwell,* 115 B.R. 86 (Bankr.W.D.Va.1990); *In re Wisniewski,* 109 B.R. 926 (Bankr.E.D.Wis.1990); *In re Pruitt,* 107 B.R. 764 (Bankr.D.Wyo.1989).